**14CG-CC00174**

Electronically Filed - Cape Girardeau (Cape Girard) - August 20, 2014 - 10:17 AM

### IN THE CIRCUIT COURT OF CAPE GIRARDEAU COUNTY, MISSOURI
#### at Cape Girardeau

JOAN SCHLENKER,                )
                               )
   Plaintiff,            )
                               )
  vs.                          )  Case No: _____
                               )
BIG LOTS STORES, INC.,         )
A foreign corporation          )  JURY TRIAL DEMANDED
Serve: CSC-Lawyers Incorporating )
   Service Company       )
   Registered Agent      )
   221 Boliver           )
   Jefferson City, Missouri 65101, )
                               )
   Defendant.            )

### PETITION

Comes now Plaintiff, Joan Schlenker, by and through her attorneys, COOK, BARKETT, PONDER AND WOLZ, L.C., and for her cause of action against Defendant Big Lots Stores Inc., alleges to the Court as follows:

1. Plaintiff Joan Schlenker is and was at all times relevant hereto a resident of Scott County, Missouri.

2. Defendant Big Lots Stores, Inc. (hereinafter "Big Lots") is a foreign corporation duly authorized to do business in the State of Missouri and operating a Big Lots retail store at 210 S. Silver Springs Road in Cape Girardeau, Cape Girardeau County, Missouri.

3. Defendant's store in Cape Girardeau County, Missouri, is open to the public and sells closeout retail merchandise.



Electronically Filed - Cape Girardeau (Cape Girard) - August 20, 2014 - 10:17 AM

4.     On or about December 18, 2013, while Plaintiff was a customer at Defendant's retail store, Plaintiff was injured on Defendant's premises.

5.     At the time of her injury, Plaintiff was on Defendant's premises as a customer and business invitee.

6.     At the time and place referred to herein, the premises of Defendant's retail store in Cape Girardeau, Missouri, was dangerous and not reasonably safe for customers for the reason that there existed on the premises a floor mat, located in the store entryway, that was wrinkled and not lying flush with the floor which caused Plaintiff to catch her foot under the floor mat and fall forward.

7.     At all times relevant hereto, Defendant Big Lots, by and through its agents, servants and/or employees, owed a duty to Plaintiff as a business invitee to use ordinary care to remove, barricade or warn of dangerous conditions on its premises.

8.     Defendant, by and through the action or inaction of its agents, servants and/or employees, was negligent and breached the duty of care owed to Plaintiff in that:

(a) Defendant failed to warn customers of the defective floor mat located in the retail store's entryway;

(b) Defendant failed to maintain its store entryway in a reasonably safe condition by permitting a dangerous condition to exist on its store premises for an unreasonable length of time;

(c) Defendant allowed a floor mat with uneven edges to be placed on the entryway floor of its store's premises even though it presented a risk to customers;

(d) Defendant failed to remedy or cure the dangerous condition then and there existing on the floor entryway of its store premises;

Electronically Filed - Cape Girardeau (Cape Girard) - August 20, 2014 - 10:17 AM

(e) Defendant failed to perform proper inspections of its entryway premises when it knew, or by the exercise of ordinary care could have known, that said inspection was necessary to prevent injury to patrons lawfully on store premises; and

(f) Defendant failed to maintain its store entryway floor mats in accordance with industry custom and practice.

9.     Defendant, by and through the action or inaction of its agents, servants and employees knew, or by using ordinary care could have known, of the aforementioned dangerous condition then existing on its premises.

10.     As a direct and proximate result of the aforementioned dangerous condition, Plaintiff suffered a compression fracture in her back, which necessitated immediate surgical intervention to Plaintiff's thoracic spine.

11.     As a further direct and proximate result of the injuries mentioned hereinabove, Plaintiff Joan Schlenker has been forced to incur reasonable and necessary medical expenses for the treatment of her injuries and is likely to do so in the future.

12.     As a further direct and proximate result of the injuries mentioned hereinabove, Plaintiff Joan Schlenker has endured pain, suffering and anguish and will continue to suffer pain and anguish in the future.

WHEREFORE, Plaintiff Joan Schlenker prays judgment against Big Lots Stores, Inc. in such an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), as the trier of fact shall deem reasonable under the circumstances, for her costs herein expended and for such other and further relief as the court deems just and proper under the circumstances.

Respectfully submitted,

COOK, BARKETT, PONDER & WOLZ, L.C.

By

Mallory C. Gibson        #64244
1610 N. Kingshighway, Suite 201
P. O. Box 1180
Cape Girardeau, MO 63702-1180
573-335-6651 - Fax: 573-335-6182
Email: mgibson@cbpw-law.com
*Attorney for Plaintiff*

Electronically Filed - Cape Girardeau (Cape Girard) - August 20, 2014 - 10:17 AM